IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:19-cv-4601 |
| ) | |
| v. ) | |
| ) | |
| EPCON COMMUNITIES, LLC and EPCON ) | Chief Judge Marbley |
| COMMUNITIES FRANCHISING, INC., ) | |
| ) | Magistrate Judge Vascura |
| Defendants. ) | |

ANSWER OF DEFENDANTS EPCON COMMUNITIES, LLC

and

EPCON COMMUNITIES FRANCHISING, INC.

Now come defendants Epcon Communities, LLC ("Epcon") and Epcon Communities Franchising, Inc., now properly known as Epcon Communities Franchising, LLC ("Epcon Franchising," and collectively "Defendants") and for their answer to Plaintiff's Complaint makes the following admissions, denials and averments, to wit:

FIRST DEFENSE

1. Defendants admit the allegations contained within paragraphs 1, 5, 6, 8, 43, 50, and 102 of Plaintiff's Complaint.

2. Defendants deny the allegations contained within paragraphs 7, 20, 44, 45, 48, 49, 51, 52, 53, 54, 55, 56, 62, 63(a)-(d), 64, 65(a)-(c), 66(a)-(c), 67(a)-(b), 68(a)-(b), 69(a)-(b), 70(a)-(c), 71(a)-(c), 72(a)-(b), 73(a)-(c), 74(a)-(b), 75(a)-(b), 76(a)-(b), 77, 78(a)-(c), 79(a)-(d), 80(a)-(b), 81(a)-(c), 82(a)-(c), 83(a)-(d), 84(a)-(d), 85(a)-(c), 86(a)-(c), 87(a)-(c), 88(a)-(c), 89(a)-(b),

90(a)-(b), 91(a)-(c), 92(a)-(d), 93(a)-(c), 94(a)-(b), 104(a)-(c), 105(a)-(c), 107, and 109(a)-(b) of Plaintiff's Complaint.

3. Defendants are without sufficient knowledge or information to admit or deny the allegations contained within paragraphs 2, 57, 95, 96, 97, 98, 99, 100, 101 and 110 and accordingly deny same.

4. The allegations contained within paragraphs 3, 4, 58, 59, 60, 61 and 106 state legal conclusions to which no response is required; and, to the extent any response is required, Defendants deny the allegations contained within said paragraphs.

5. In response to paragraph 9 of Plaintiff's Complaint, Defendants admit that Cobblestone at the Preserve is a development located in New Albany, OH and that it consists of 156 residential units. Defendants deny that it was both designed and constructed during the period between 2010 and 2012. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation.

6. In response to paragraph 10 of Plaintiff's Complaint, Defendants admit that The Courtyards at Seldom Seen is a development located in Powell, OH, but denies that it consists of 48 residential units and further denies that the property was designed and constructed during 2005. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation.

7. In response to paragraph 11 of Plaintiff's Complaint, Defendants admit that Fountainview at Parkway is a development located in Grove City, OH but denies that it consists of 132 units. Defendants deny that the development was designed and constructed from 2007 to

2

2008. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation.

8. In response to paragraph 12 of Plaintiff's Complaint, Defendants admit that The Village at North Falls is a development located in Delaware, OH, and that it consists of 124 residential units. Defendants deny that the property was designed and constructed from 2010 to 2012. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation.

9. In response to paragraph 13 of Plaintiff's Complaint, Defendants admit that The Villas at Canterbury Woods is a development located in Westerville, OH but denies that it consists of 136 residential units. Defendants deny that the property was designed and constructed for first occupancy in 2008. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation.

10. In response to paragraph 14 of Plaintiff's Complaint, Defendants admit that the Villas at Glenealy is a development located in Dublin, OH and that it consists of 88 residential units. Defendants deny that the property was designed and constructed for first occupancy from approximately 2011 to 2012. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation.

11. In response to paragraph 15 of Plaintiff's Complaint, Defendants admit that The Villas at Maple Creek is a development located in Westerville, OH but denies that it consists of

148 residential units. Defendants deny that the property was designed and constructed for first occupancy in 2005. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation.

12. In response to paragraph 16 of Plaintiff's Complaint, Defendants admit that The Villas at Woodcutter is a development located in Powell, OH and that it consists of 68 residential units but denies that the property was constructed in 2004. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

13. In response to paragraph 17 of Plaintiff's Complaint, Defendants admit that Windsor Bridge at the Preserve is a development located in New Albany, OH but denies that it consists of 128 residential units and further denies that the property was constructed in 2004. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

14. In response to paragraph 18 of Plaintiff's Complaint, Defendants admit that The Woods at Hayden Run is a development located in Hilliard, OH but denies that it consists of 68 residential units. Defendants deny that the property was designed and constructed for first occupancy in 2012. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

15. In response to paragraph 19 of Plaintiff's Complaint, Defendants admit that The Woods at Sugar Run is a development located in New Albany, OH but denies that it consists of 44 residential units and further denies that they were designed and constructed by 2008. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

16. In response to paragraph 20 of Plaintiff's Complaint, Defendants admit that it participated in prototype designs of dwelling units and clubhouses, but denies that it participated in the final design or construction of franchised properties.

17. In response to paragraph 21 of Plaintiff's Complaint, Defendants admit that Ballymeade Village is a development located in Beavercreek, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 40 residential units or was designed and constructed for first occupancy from 2006 to 2008 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

18. In response to paragraph 22 of Plaintiff's Complaint, Defendants admit that Bridgewater is a development located in Mansfield, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 40 residential units or was designed and constructed for first occupancy from 2006 to 2008 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is

5

required, the Defendants deny said allegation and all other allegations contained within said paragraph.

19. In response to paragraph 23 of Plaintiff's Complaint, Defendants admit that Fairway Villas is a development located in Port Clinton, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 152 residential units or was designed and constructed for first occupancy from 2005 to 2008 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

20. In response to paragraph 24 of Plaintiff's Complaint, Defendants admit that Fairways at Boulder Creek is a development located in Streetsboro, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 60 residential units or was designed and constructed for first occupancy from 2006 to 2008 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

21. In response to paragraph 25 of Plaintiff's Complaint, Defendants admit that Quarry Lakes at Amherst is a development located in Amherst, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 44 residential units or was designed and constructed for first occupancy in 2008 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily

6

dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

22. In response to paragraph 26 of Plaintiff's Complaint, Defendants admit that Reddington Village is a development located in Newark, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 69 residential units or was designed and constructed for first occupancy from 2004 to 2006 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

23. In response to paragraph 27 of Plaintiff's Complaint, Defendants admit that The Sanctuary at Plum Brook is a development located in Huron, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 40 residential units or was designed and constructed for first occupancy from 2007 to 2008 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

24. In response to paragraph 28 of Plaintiff's Complaint, Defendants admit that Springfield Ridge is a development located in Poland, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 72 residential units or was designed and constructed for first occupancy from 2004 to 2005 and accordingly denies

same.  Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

25. In response to paragraph 29 of Plaintiff's Complaint, Defendants admit that The Village of Colonial Woods is a development located in Mt. Vernon, OH.  Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 20 residential units or was designed and constructed for first occupancy from 2006 to 2008 and accordingly denies same.  Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

26. In response to paragraph 30 of Plaintiff's Complaint, Defendants admit that Village at Riverwalk is a development located in Lima, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 36 residential units or was designed and constructed for first occupancy from 2005 to 2009 and accordingly denies same.  Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

27. In response to paragraph 31 of Plaintiff's Complaint, Defendants admit that The Villages of River Oaks is a development located in Heath, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 68 residential units

8

or was designed and constructed for first occupancy from 2005 to 2008 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

28. In response to paragraph 32 of Plaintiff's Complaint, Defendants admit that The Villas at Beavercreek is a development located in Beavercreek, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 72 residential units or was designed and constructed for first occupancy from 2006 to 2008 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

29. In response to paragraph 33 of Plaintiff's Complaint, Defendants admit that The Villas at Benchrock is a development located in Tipp City, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 104 residential units or was designed and constructed for first occupancy from 2004 to 2006 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

30. In response to paragraph 34 of Plaintiff's Complaint, Defendants admit that Villas at Charleston Lake is a development located in Canal Winchester, OH. Defendants are without

9

sufficient knowledge or information to admit or deny whether the property consists of 112 residential units or was designed and constructed for first occupancy from 2006 to 2008 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

31. In response to paragraph 35 of Plaintiff's Complaint, Defendants admit that The Villas at Foor Farms is a development located in Pataskala, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 68 residential units or was designed and constructed for first occupancy from 2005 to 2008 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

32. In response to paragraph 36 of Plaintiff's Complaint, Defendants admit that Villas at Hamilton West is a development located in Hamilton, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 84 residential units or was designed and constructed for first occupancy from 2005 to 2013 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

33. In response to paragraph 37 of Plaintiff's Complaint, Defendants admit that Villas at Milnor Crossing is a development located in Pickerington, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 84 residential units or was designed and constructed for first occupancy from 2005 to 2008 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

34. In response to paragraph 38 of Plaintiff's Complaint, Defendants admit that The Villas at Park Place is a development located in West Chester, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 12 residential units or was designed and constructed for first occupancy in 2011 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

35. In response to paragraph 39 of Plaintiff's Complaint, Defendants admit that Wellington Place is a development located in Zanesville, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 28 residential units or was designed and constructed for first occupancy in 2008 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

36. In response to paragraph 40 of Plaintiff's Complaint, Defendants admit that Woodland Run is a development located in Columbiana, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 84 residential units or was designed and constructed for first occupancy in approximately 2004 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

37. In response to paragraph 41 of Plaintiff's Complaint, Defendants admit that The Woods on Wilkens is a development located in Port Clinton, OH. Defendants are without sufficient knowledge or information to admit or deny whether the property consists of 64 residential units or was designed and constructed for first occupancy from 2006 to 2007 and accordingly denies same. Further responding, the allegation that these units are "covered multifamily dwellings" states a legal conclusion to which no response is required; and to the extent any response is required, the Defendants deny said allegation and all other allegations contained within said paragraph.

38. In response to paragraph 42 of Plaintiff's Complaint, Defendants admit that Epcon Communities, LLC is an Ohio limited liability company with its principal place of business located at 500 Stonehenge Parkway, Dublin, Ohio, which is located in the Southern District of Ohio. Defendants deny that Epcon Communities, LLC was founded in 1986 but admits that its predecessor, Epcon Communities, Inc. was formed in 1986 by Ed Become and Phil Frankhauser, and further admits that it has developed at least 46 communities in Ohio and the 11 Corporate Properties described in the Complaint.

39. In response to paragraph 46 of Plaintiff's Complaint, Defendants state that the Franchise Agreements speak for themselves and no response is required; and, to the extent any response is required, denies the allegations contained within said paragraph.

40. In response to paragraph 47 of Plaintiff's Complaint, Defendants admit that ECFI developed prototype designs and provided them to franchisees. Further responding, Defendants state that the Franchise Agreements speak for themselves and no response is required to the remaining allegations contained within said paragraph; and, to the extent any response is required, denies the allegations contained within said paragraph.

41. In response to paragraph 103 of Plaintiff's Complaint, Defendant's incorporate by reference their responses to paragraphs 1 through 102 as if fully restated herein.

42. In response to paragraph 108 of Plaintiff's Complaint, Defendant's incorporate by reference their responses to paragraphs 1 through 107 as if fully restated herein.

## SECOND DEFENSE

43. Defendants deny each and every allegation set forth in Plaintiff's Complaint not specifically admitted to be true herein.

## THIRD DEFENSE

44. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## FOURTH DEFENSE

45. Plaintiff's claims are barred, in whole or in part, for failure to join necessary and indispensable parties.

## FIFTH DEFENSE

46. Plaintiff's claims are barred, in whole or part, because of the intervening and superseding acts of others.

## SIXTH DEFENSE

47. Plaintiff's claims are barred by the applicable statute of limitations.

## SEVENTH DEFENSE

48. Plaintiff's claims are barred, in whole or part, because of the impracticality of compliance with FHA guidelines.

## EIGHTH DEFENSE

49. Plaintiff's claims are barred, in whole or part, because of the Defendants' good faith reliance on state and local building inspectors, architects and franchisees to assure compliance with all FHA requirements.

Respectfully submitted,

*/s/ James E. Arnold*
James E. Arnold, Trial Attorney (0037712)

**ARNOLD & CLIFFORD LLP**
115 W. Main Street, 4th Floor
Columbus, Ohio  43215
Ph:  614-460-1600
jarnold@arnlaw.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 14, 2020 a true and accurate copy of the Answer of Defendants Epcon Communities, LLC and Epcon Communities Franchising, Inc. was filed with the Court using the Clerk of Court's CM/ECF filing system, which by its operation will send notice of this filing to all parties that have entered an appearance in this matter. Parties may access the filing through that system.

                */s/ James E. Arnold*
                James E. Arnold